```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     STATESVILLE DIVISION
                       5:06CV51-V-2
                      (5:03CR37-13-V)
```

TROY DEAN BUSH,                )
                               )
        Petitioner,            )
                               )
        v.                     )          **O R D E R**
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )
_____)

**THIS MATTER** is before the Court on Petitioner's "Motion For Reconsideration," filed March 26, 2009.

As was recounted more fully in the Court's Order of dismissal(document # 19), on August 23, 2003, Petitioner was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine powder and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One) (Case No. 5:03CR37-14-V, document # 3).

An attorney was appointed to represent Petitioner on that charge. However, on October 15, 2004, the Court appointed replacement counsel for Petitioner. (Case No. 5:03CR37-14-V, document # 233). On November 2, 2004, Petitioner appeared before the Court for a Plea and Rule 11 Hearing during which he tendered his guilty plea to the conspiracy charge and stipulated to involvement with at least 150 grams but less than 500 grams of

cocaine base. (Case No. 5:03CR37-14-V, document # 224: Plea Agreement).

On April 18, 2005, the Government filed a Motion for a Downward Departure seeking to reduce Petitioner's offense level by three points, and recommending a 120-month sentence for him. (Case No. 5:03Cr37-14-V, document # 296). Also on April 18, 2005, the Court conducted Petitioner's Factual Basis and Sentencing Hearing. After hearing from counsel for the parties and from Petitioner, the Court granted the Government's § 5K1.1 Motion and sentenced Petitioner to the statutory mandatory minimum term of 120 months imprisonment.

Petitioner did not directly appeal his case. Instead, on April 13, 2006, he filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 raising the sole argument that he was subjected to ineffective assistance of counsel in that his first attorney erroneously advised him not to inform on two of that attorney's close friends, thereby costing Petitioner the opportunity fully to cooperate and gain a greater sentence reduction. In response, the Government argued, <u>inter alia</u> that it was entitled to summary judgment because an Affidavit from Petitioner's first attorney entirely refuted his allegation, and Petitioner's own sworn statements which he made during his Plea Hearing also refuted his allegation. On October 27, 2006, Petitioner filed a Reply by which he merely sought to amend his

Motion to Vacate to allege that his second attorney was ineffective for having failed to inform the Court that Petitioner actually did fully cooperate, thereby entitling him to a greater sentence reduction.

For its part, on March 13, 2009, the Court entered an Order finding that Petitioner's proposed amendment was time-barred and did not relate back to his timely-filed claim against his first attorney. Therefore, the Court denied Petitioner's <u>de facto</u> motion to amend his § 2255 Motion. In addition, the Court's Order stated that Petitioner's claim that his first attorney had prevented him fully from cooperating was belied by the record. Consequently, the Court rejected that claim and dismissed Petitioner's Motion to Vacate.

Petitioner has returned to the Court on the instant Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) (document # 21), arguing that the Court should alter its Judgment and consider the merits of his proposed (<u>de facto</u>) amended claim because such proposed claim is similar to an amendment which he filed on April 17, 2006, and the proposed amendment simply clarifies such earlier amendment. (document # 3).

The Court's reading of the document filed April 17, 2006, did not even disclose an attempt by Petitioner to amend his Motion to Vacate to state a claim of ineffective assistance of counsel against his second attorney. Indeed, such document

3

essentially reported that Petitioner had provided and/or attempted to provide the Government with additional cooperation after he was sentenced. Moreover, the untimely-filed proposed amendment does not make any reference to the April 2006 document.

Nevertheless, when those two documents are read together, as Petitioner now asks this Court to do, and when they are liberally construed, the Court can discern an attempt by Petitioner to argue that his second attorney was ineffective for failing fully to inform either the Court and/or the Government of all of his cooperation in order to obtain a greater sentence reduction. As such, Petitioner's Motion for Reconsideration will be allowed to the extent that the Court now will take up his claim against his second attorney. Unfortunately for Petitioner, however, this additional consideration still does not reveal any entitlement to any relief.

Rather, to the extent that Petitioner is complaining that counsel failed to bring his pre-sentencing cooperation to the Court's attention, such failure is of little import in this case. First, it is the Government, not defense counsel, who must seek a sentence reduction on the basis of a defendant's substantial assistance. Second, the law is clear that when the Government makes its motion for a downward departure under U.S.S.G. § 5K1.1, as was the case here, the Court simply does not have the authority to depart below the statutory mandatory minimum term.

4

Melendez v. United States, 518 U.S. 120, 126 (1996). Thus, even if counsel had brought any additional information concerning Petitioner's pre-sentencing cooperation to the Court's attention, the Court still would not have had the authority to give Petitioner any greater reduction in his sentence because Petitioner's statutory mandatory minimum term was 120 months imprisonment.

Third, the Government may be presumed to have known at the time of sentencing the full degree of Petitioner's cooperation. Inasmuch as the parties' Plea Agreement gave the Government the authority to evaluate such cooperation and determine which, if any, motion should be made, its choice not to seek a greater sentence reduction for Petitioner simply is not subject to attack. Thus, Petitioner cannot establish either a deficiency or prejudice on the basis of his attorney's handling of his pre-sentencing cooperation.

To the extent that Petitioner is complaining that counsel failed to bring his post-judgment cooperation to the Court's attention, that claim also must fail. That is, a motion for a sentence reduction based upon substantial assistance which was provided after sentencing must be made by the Government pursuant to Federal Rule of Criminal Procedure 35(b). Therefore, even if counsel had returned to the Court with additional information concerning Petitioner's post-sentencing cooperation, in the absence of an appropriate motion from the Government, the Court

would have been unable to take any action upon counsel's representations.

Furthermore, if Petitioner is complaining that counsel failed to bring his post-judgment cooperation to the Government's attention, that allegation also is unavailing for two critical reasons.

First, Petitioner claims that he set up a post-sentencing drug deal for an SBI Agent and a Detective. However, Petitioner's own notes -- which he submitted along with his Motion for Reconsideration -- reflect that he never was asked or authorized by any law enforcement officer to arrange that deal. In fact, Petitioner concedes that the deal was not consummated. That is, Petitioner's notes from June 3, 2005, report that when he advised SBI Agent Jeff Eddins that he had set up the drug deal, Eddins told Petitioner "[w]e are not in the position to deal with this at this present moment," and Agent Eddins told Petitioner "to put the dealer off."

Similarly, Petitioner's notes from that same date reflect that when he contacted an officer with the Lenoir Police Department about setting up a purchase of "crystal meth," Petitioner "was denied permission to obtain the ounzes [sic] of meth." The officer to whom Petitioner spoke further advised Petitioner that he would assist with the subject purchase upon the approval of Agent Eddins.

Equally critically, Petitioner's notes from subsequent dates further reflect that he never received permission from any law enforcement officer for anything more than initiating two 3-way telephone conversations during which an officer listened in as Petitioner talked with two suspected drug dealers about the small amounts of drugs they then had in their possessions, and the additional amounts to which they believed they could gain access. Thus, while Petitioner's notes tend to make clear that he was quite willing to provide post-conviction cooperation, they further establish that he never provided anything which arguably could have been classified as substantial assistance upon which a Rule 35 motion could have been based.

Second, Petitioner asserts that he was in collaboration with the Government; that he met with "both SBI and FBI agents together . . . " and advised them of the additional information which he had concerning the illicit activities of a State district attorney; and that he advised them of his willingness to present his testimony to a grand jury. That information tends to establish that the Government actually was well aware of his post-sentencing efforts to cooperate. Notwithstanding that knowledge, the Government chose not to seek any further reduction for Petitioner.

As was previously noted, the parties' Plea Agreement gave the Government the sole discretion to evaluate Petitioner's co-

operation. Notably, there was nothing in that Agreement that limited the Government's discretion to merely evaluating the pre-sentencing cooperation which Petitioner provided. On the contrary, the Government's discretion extended to the evaluation of any post-conviction cooperation which Petitioner provided.

In sum, based upon the dictates of Rule 35, the nature of Petitioner's Plea Agreement, and the apparent insignificance of his post-conviction cooperation, Petitioner simply cannot establish that his second attorney was ineffective in his handling of either his pre- or post-conviction efforts to cooperate. Therefore, Petitioner's amended claim must be <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion for Reconsideration is **GRANTED** to the extent that the Court considered the merits of his amended claim that his second attorney rendered ineffective assistance to him.

2. Petitioner's amended claim is **DENIED** because he failed to allege facts which establish either that counsel was deficient or, in any event, that he suffered any prejudice from counsel's performance.

**SO ORDERED.**

Signed: July 13, 2009

Richard L. Voorhees
United States District Judge